**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0342-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL DELMEIER,

     Defendant-Appellant.

_____

        Submitted October 8, 2019 – Decided November 14, 2019

        Before Judges Yannotti and Firko.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No.18-009.

        Theodore P. Sliwinski, attorney for appellant.

        Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of the Law Division dated August 24, 2018, which rejected his challenge to an order of the municipal court denying post-conviction relief (PCR). We affirm.

On July 3, 2008, defendant was riding a motorcycle and collided with a vehicle that was stopped in traffic in Middletown. When Middletown Police Officer Antonio Ciccone responded to the scene, defendant was leaning against his motorcycle and bleeding from a laceration on his forehead. According to Ciccone, the vehicle's rear windshield was "busted out." There were four individuals in the car, including a nine-year-old child who was crying and claimed he was injured. The officer requested an ambulance for the child and then approached defendant.

Ciccone spoke with defendant and detected a strong odor of alcohol. The officer said defendant's eyes were droopy, bloodshot, and watery. When the officer asked defendant if he had consumed any alcohol, he stated, "[N]ot even close to enough." Defendant slurred his words. Ciccone continued to question defendant and then reviewed his license, registration, and insurance card. Defendant refused to answer any additional questions regarding his alcohol intake. He showed difficulty standing and dropped his cellphone twice while handing the officer his credentials.

A-0342-18T4

Ciccone asked defendant to perform field sobriety tests, but defendant refused to cooperate. He also refused to provide a breath sample. Ciccone placed defendant in handcuffs and told him he was under arrest for driving while intoxicated (DWI). Emergency medical personnel arrived on the scene and tended to the injured child. They then examined defendant. Thereafter, defendant asked to be taken to a hospital. Ciccone removed the handcuffs and placed defendant in the back of the ambulance. The officer followed the ambulance to the hospital.

At the hospital, Ciccone told defendant a hospital employee would be taking samples of his blood to send for alcohol screening. Again slurring his words, defendant stated that he would not provide blood without counsel present. After certain additional difficulties, hospital security guards strapped defendant's wrists and ankles to the bed. Ciccone stayed with defendant the entire time defendant was at the hospital.

About ninety minutes later, Sergeant Bryan McKnight of the Middletown Police Department arrived to assist the hospital staff with the blood draw. At approximately 1:35 a.m., a nurse assistant told McKnight she would be taking defendant's blood sample. The officer watched as the nurse assistant drew blood from defendant's right forearm and place the vials of blood in an evidence box.

3

Tests of the blood samples revealed defendant's blood-alcohol content was .20 percent.

The officer issued summonses to defendant charging him with DWI in violation of N.J.S.A. 39:4-50, and reckless driving in violation of N.J.S.A. 39:4-96. Defendant's wife arrived and then left the hospital with defendant. Ciccone returned to police headquarters with the blood samples. He logged the evidence and placed the blood samples into the station's evidence refrigerator.

On June 10, 2009, defendant pled guilty to DWI, and the State agreed to dismiss the reckless driving summons. The municipal court judge then sentenced defendant as a first offender under N.J.S.A. 39:4-50(a)(3) because his previous DWI conviction occurred more than twenty years earlier. The judge suspended defendant's license for seven months and imposed mandatory fines and penalties. Defendant did not file a direct appeal.

On November 6, 2017, defendant filed a petition for PCR. On February 22, 2018, the municipal court judge denied the petition, finding that defendant had not presented any evidence to support relaxation of the requirement that a PCR petition must be filed within five years, or to vacate his conviction.

On March 7, 2018, defendant appealed to the Law Division seeking de novo review of the municipal court's judgment. Judge Paul X. Escandon heard oral argument and placed his decision on the record. The judge found defendant's petition was barred by Rule 7:10-2(b)(2), and memorialized his decision in an order dated August 24, 2018. This appeal followed.

On appeal, defendant argues:

> POINT ONE
> THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF SHOULD HAVE BEEN GRANTED BY THE TRIAL COURT. MOREOVER, THERE WERE EXCEPTIONAL CIRCUMSTANCES THAT JUSTIFY RELAXING THE FIVE-YEAR TIME LIMIT AS REQUIRED BY RULE 3:22-12.
>
> POINT TWO
> THE DEFENDANT'S WARRANTLESS/FORCED BLOOD DRAW WAS ILLEGALLY OBTAINED AND IT SHOULD HAVE BEEN EXCLUDED PURSUANT TO MISSOURI v. McNEELY[, 569 U.S. 141 (2013)].
>
> POINT THREE
> THE NEW JERSEY SUPREME COURT HOLDING OF STATE v. ADKINS[, 221 N.J. 300 (2015),] MANDATES THAT THE MISSOURI v. McNEELY HOLDING BE APPLIED RETROACTIVELY.
>
> POINT FOUR
> THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT RULED THAT THE MISSOURI v. McNEELY [HOLDING] DID NOT APPLY RETROACTIVELY.

5

POINT FIVE
A REVIEW OF SEARCH AND SEIZURE CASE LAW MANDATES THAT THE DEFENDANT'S DWI CONVICTION BE REVERSED.

POINT SIX
THE RECENT CASE OF STATE v. ZUBER[, 227 N.J. 422 (2017),] MANDATES THAT THIS COURT REVERSE THE TRIAL COURT'S RULING.

POINT SEVEN
A REVIEW OF THE CASE LAW MANDATES THAT THE MISSOURI v. McNEELY CASE BE APPLIED RETORACTIVELY TO THE DEFENDANT'S PRIOR DWI CONVICTION.

POINT EIGHT
A REVIEW OF THE FEDERAL JURISPRUDENCE MANDATES THAT THE DEFENDANT'S DWI CONVICTION BE REVERSED.

We have carefully considered defendant's arguments and conclude they are entirely without merit. We affirm the court's order denying PCR substantially for the reasons stated by Judge Escandon in his oral decision of August 24, 2018. We add the following.

Rule 7:10-2(b)(2) governs applications for PCR in the municipal court. The rule provides that a petition for PCR, based on grounds other than an alleged illegal sentence, "shall not be accepted for filing more than five years after entry of the judgment of conviction or imposition of the sentence sought to be attacked, unless it alleges facts showing that the delay was due to defendant's

6

excusable neglect." Ibid. When determining whether "excusable neglect" exists, a court "should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (citing State v. Afanador, 151 N.J. 41, 52 (1997)).

Here, Judge Escandon correctly found that defendant's petition was barred by Rule 7:10-2(b)(2). Defendant sought to challenge his conviction in June 2009 of DWI under N.J.S.A. 39:4-50. He did not, however, file his PCR petition until November 6, 2017, which was beyond the five years required by Rule 7:10-2(b)(2).

Defendant argued the time-bar should be relaxed so that the court could find that the warrantless draw of his blood was unlawful under Missouri v. McNeely, 569 U.S. 141 (2013). The PCR court correctly found that McNeely did not apply to defendant, and therefore defendant failed to establish "excusable neglect" for his failure to file a timely petition.

On appeal, defendant argues that the Law Division judge erred by refusing to relax the time bar in Rule 7:10-2(b)(2). He also argues that McNeely should be retroactively applied to his case. We disagree.

The Constitution of the United States and the New Jersey Constitution guarantee the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; N.J. Const. art I, ¶ 7. The compelled intrusion into the body for the purpose of drawing blood to determine its alcohol content is a search under the Fourth Amendment to the United States Constitution. Schmerber v. California, 384 U.S. 757, 768 (1966).

"Warrantless searches are 'prohibited unless they fall within a recognized exception to the warrant requirement.'" State v. Adkins, 221 N.J. 300, 310 (2015) (quoting State v. Pena-Flores, 198 N.J. 6, 18 (2009)). One exception to the warrant requirement is the presence of exigent circumstances. Ibid. (citing State v. Johnson, 193 N.J. 528, 552 (2008)). In Schmerber, the Court found that the warrantless blood draw of the suspect in that case was permissible, noting that the officer

> might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened the destruction of evidence[.] We are told that the percentage of alcohol in the blood begins to diminish shortly after drinking stops, as the body functions to eliminate it from the system. Particularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was not time to seek out a magistrate and secure a warrant. Given these special facts, we conclude that the attempt to secure evidence of blood-

A-0342-18T4

alcohol content in this case was an appropriate incident to petitioner's arrest.

[Schmerber, 384 U.S. at 770-71.]

Thereafter, the courts disagreed as to whether in Schmerber the United States Supreme Court had established that dissipation of alcohol created a per se exigency justifying a warrantless draw of blood in every case where a driver is suspected of driving under the influence. Adkins, 221 N.J. at 310-11. The Supreme Court resolved that split of authority in McNeely. Id. at 311. The Court held Schmerber did not create a per se rule, and instead applied a totality-of-the-circumstances test. Ibid. (citing McNeely, 569 U.S. at 150).

The McNeely Court held that in determining whether an exigency exists that would permit the warrantless taking of blood, the court must consider the totality of the circumstances. McNeely, 569 U.S. at 145. The McNeely Court stated that:

> while the natural dissipation of alcohol in the blood may support a finding of exigency in a specific case, as it did in Schmerber, it does not do so categorically. Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances.
>
> [Id. at 156.]

In Adkins, our Supreme Court held that McNeely applied retroactively to cases that were in the "pipeline" on April 17, 2013, when the Court issued its opinion in McNeely. Adkins, 221 N.J. at 304, 313. The Court explained that when a new rule of law is announced, it may be applied retroactively to all cases "pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." Id. at 312 (quoting State v. Wessells, 209 N.J. 395, 412 (2012), and Griffith v. Kentucky, 479 U.S. 314, 328 (1987)).

Here, Judge Escandon correctly found defendant's case was not in the "pipeline" when McNeely was decided. The record shows that defendant pled guilty and was sentenced in June 2009. He did not file a direct appeal. The Court issued its decision in McNeely in April 2013, nearly four years later. The judge found that McNeely cannot be retroactively applied to defendant's case. We agree.

Defendant argues that notwithstanding Adkins, we should apply McNeely in this case. He contends that if there is a "major" change in the criminal law, it is generally applied retroactively. He asserts that search and seizure law requires that his conviction be reversed. He further argues that State v. Zuber, 227 N.J. 422 (2017), requires reversal of the Law Division's judgment in this

10

matter. He contends other case law supports retroactive application of <u>McNeely</u> here.

We are convinced that defendant's arguments lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). Notwithstanding defendant's arguments to the contrary, <u>McNeely</u> does not apply to his conviction. <u>Adkins</u>, 221 N.J. at 304, 313. His case was not in the "pipeline" when <u>McNeely</u> was decided. The court correctly found that defendant was not entitled to PCR.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0342-18T4